NOTE.—For an exhaustive discussion of the Child Labor Act of 1915 by Attorney-General Brown, see 25 Dist. R. 79. See, further, 25 Dist. R. 40; Id., 196; Id., 903; Id., 920; 27 Dist. R. 60; Id., 570; Id., 1047.

---

## State Workmen's Insurance Fund v. Pitt Lumber Co., Inc.

*State Workmen's Insurance Fund—Classification of risk—Change of, without notice to policy-holder.*

1. The State Workmen's Insurance Fund has no authority, upon receiving notice from the Rating Bureau that a classification of insurance issued by it under a certain policy is wrong and that it should be corrected, to change the classification without notice to the policy-holder and subsequently to sue for and collect a premium based on the new classification.

2. Neither the State Fund nor the Compensation Bureau has power under the Act of June 2, 1915, § 4, P. L. 769, as amended by the Act of July 22, 1919, P. L. 1120, or the Act of May 17, 1921, P. L. 763, arbitrarily to change the classification of an existing policy without notice to the insured; their only power is to cancel the policy if the classification therein is found to be improper.

*Assumpsit* for premium for compensation insurance. Motion for judgment for plaintiff *n. o. v.* C. P. Bedford Co., April T., 1927, No. 6.

*A. L. Little,* for plaintiff; *Frank E. Colvin,* for defendant.

BAILEY, P. J., June 25, 1927.—This is an action of *assumpsit* brought by the State Workmen's Insurance Fund against Pitt Lumber Company to recover a balance of premium alleged by the plaintiff to be due from the defendant upon a policy of compensation insurance in force for the year 1924. The essential facts are not in dispute.

On Dec. 30, 1922, the Union Lumber Company, a partnership, afterwards incorporated as Pitt Lumber Company, made application to the plaintiff under provisions of section 16 of the State Workmen's Insurance Fund Act of June 2, 1915, P. L. 762, upon a printed blank furnished by the plaintiff. Under the section just referred to, upon the receipt of this application, it became the duty of the plaintiff to investigate and determine the classification or classifications under which the employees of the defendant should be placed. On Jan. 2, 1923, the plaintiff issued to the defendant its certificate

showing the several classifications appropriate for the defendant's business, two in number, "Saw Mills and Logging," designated in the later exhibits and in the testimony as No. 301, and "Lumber Yards" as No. 853, and fixing the premium rate for $100 of pay-roll for each division. This was done under the power conferred upon the plaintiff by virtue of section 10 of the Act of 1915.

On Jan. 12, 1923, the policy in suit was issued, approved by the Insurance Commissioner, under the Act of July 8, 1919, P. L. 760. It was in force from Dec. 31, 1922, and subject to renewal on Dec. 31, 1923, and provided that it could be canceled by either party on ten days' notice, and that no condition or provision in it could be waived or altered except by endorsement thereon or attached thereto by duly authorized officials of the "Fund."

The oral evidence offered by the defendant, and undisputed, shows that in the years 1923 and 1924 it was engaged in two distinct businesses; the conducting of a commercial lumber yard at Everett, Pa., and in sawmilling and logging, at two separate places, a number of miles distant from this point, at Entriken, in Huntingdon County, and at Loysburg, in Bedford County. None of the lumber manufactured at the sawmill and logging operation ever went to the Everett lumber yard and none of the employees at any one of these operations were ever engaged at the other in these years.

Insurance under the classification as fixed by the plaintiff and as provided in its "Pennsylvania Compensation Manual" remained in force for the year 1923, and the premiums were paid by the defendant as required by the plaintiff. In the fall of 1923 the defendant applied for renewal of the policy for the year 1924 under the two classifications before mentioned, and on Jan. 7, 1924, the "Fund" rendered a bill to the Pitt Lumber Company for its premium for the year in suit for $159.40. This bill recognized the classifications 301 and 853 as appropriate for the defendant's business. It was admitted at the trial that the defendant had paid in full the premiums due for the year 1924, if classification No. 853, "Lumber Yards," was in force for that period.

In July, 1925, the "Fund" sent an inspector to the operations of the defendant to get the figures necessary for the final settlement for the year 1924. The receipt of this inspection in evidence recognizes, among others, classification 853. The inspector made this comment upon his report with relation to this classification, inter alia: "These are code numbers as he has the work laid down on his books and think he should have the rate as per code or class." On June 3, 1921, a rating bureau, named the Pennsylvania Compensation Rating and Inspection Bureau, was approved by the Insurance Commissioner of Pennsylvania under the provisions of section 654 of the General Insurance Act of May 17, 1921, P. L. 682, 763. The function of this board, as shown by the act, is the classification of risks and their application to the subject of insurance. On April 4, 1924, an employee of the "Fund" wrote this board describing the method by which the defendant conducted his business. On May 8, 1924, an employee of the board wrote to the "Fund," informing it that the insurance classification must be "Saw Mills and Logging," and asking it to file a corrected declaration for the risk. This correction was made on May 20, 1924, eliminating altogether No. 853 and fixing one rate based upon No. 301, "Saw Mills and Logging."

Gregory C. Kelly, the General Manager of the Pennsylvania Compensation Rating and Inspection Bureau, testified at the trial that when the report of the inspector just referred to was received, the bureau ordered the "Fund" to cancel the defendant's policy. Instead of taking this action, however, the "Fund" changed the defendant's classification. Mr. Frank I. De Haven, the

chief underwriter for the plaintiff, testified that it neglected to give the defendant any notice of this change, and the first information received by the Pitt Lumber Company of this fact was a bill rendered it by the plaintiff, dated July 20, 1925, over six months after the insurance period here involved had expired. At the trial of the case we submitted to the jury the single question as to whether or not the defendant was actually engaged in two separate and distinct operations, with different employees in each, and we instructed them that if this was found to be the fact, the verdict should be for the defendant, but that if the defendant's business could properly be comprehended under the designation "Saw Mills and Logging," then the verdict should be for the plaintiff for the full amount of its claim. The jury found for the defendant. The plaintiff filed this motion founded upon its point for binding instructions, which we reserved.

The plaintiff claims the power to reclassify the defendant's risk under section 624 of the General Insurance Act of May 17, 1921, P. L. 682, 763.

To determine whether or not the plaintiff, at the request of the Compensation Bureau, had the right to take the action upon which its right to recover is based makes it necessary to examine briefly the several acts of assembly dealing with the relation of the Insurance Commissioner and the Bureau with the Fund. By the Act of June 2, 1915, § 4, P. L. 769, the plaintiff was compelled to file with the commissioner its classifications of risks and premiums, none of which were to take effect until approved by him. This section was amended by the Act of July 22, 1919, P. L. 1120, providing that the schedule approved by the commissioner should be applied to the risks subject thereto only by a rating bureau approved by him. This act was especially saved from repeal, so far as it relates to the State Workmen's Insurance Fund, by the General Insurance Act of 1921. It is clear, therefore, that neither the bureau nor the Fund had any legislative sanction for arbitrarily striking from the defendant's policy his classification No. 853, "Lumber Yards." Even if the Act of 1921 be the law of the contract involved in the instant case, we are not able to discover in it any power in the plaintiff to change the defendant's policy during the running of its term, especially without notice to it. The 4th section of the Act of 1919 and section 654 of the Act of 1921 go no further than to vest in the bureau the right to apply the schedule and merit rating plan to the risk and give the commissioner, and consequently the bureau, no right affecting the policy other than to disapprove its terms and cancel it, if it be found that the classification is not proper to the conduct of the business.

It was conceded by both sides at the trial that if the defendant's operations were "Saw Mills and Logging" and the conduct of the "Lumber Yard" entirely separate, and that if the "Fund" and the bureau had no right to alter the contract as to the classification therein provided for, then the full premium had been paid for the year 1924 and the verdict should be for the defendant; but that if the plaintiff or the bureau had the right to alter the classification in the policy, as claimed, without notice to defendant, then the verdict should be for the plaintiff for the full amount of its claim.

We are not able to find any legislative authority for the plaintiff's position here taken.

### Decree of court.

Now, June 25, 1927, the plaintiff's motion for judgment for the plaintiff *non obstante veredicto* is hereby overruled and judgment is now directed to be entered upon the verdict in favor of the defendant upon the payment of the jury fee.        From R. W. Williamson, Huntingdon, Pa.