PORTEUS B. ROBERTS, impleaded with Francis T. Sherman, Appellant, *v.* JAMES THOMSON *et al.*, Appellees.

APPEAL FROM SUPERIOR COURT OF CHICAGO.

A defendant who has entered his appearance and moved to continue a cause, cannot afterwards plead to the jurisdiction.

A motion to continue a case, because a copy of the note on which the action is

---

* The Chief Justice did not take any part in this decision.

brought is given, with the names only of the payees written on the back, may properly be overruled.

The legislature may require pleas to the merits to be accompanied by an affidavit of merits.

This was an action of assumpsit on an indorsed note. The defendant below moved to continue the cause, because the note was indorsed by the firm name of the payees, the indorsement not being preceded by a full or regular assignment, which motion was overruled. The defendant then pleaded to the jurisdiction, which plea the court ordered stricken from the files. The defendant then pleaded to the merits, which plea was also stricken from the files, because it was not accompanied by an affidavit of merits, as is required by the rules of the court.

The plaintiff below (defendant in error) then took a judgment against Roberts, who was the only party served with process. Roberts prayed this appeal.

C. C. Bonney, and A. Windett, for Appellant.

Hervey, Anthony & Galt, for Appellees.

Breese, J. This appeal seems to have been taken more for delay, than for any substantial error in the proceedings.

The motion to continue the cause for the want of a copy of the indorsement of the note on which the suit was brought, was properly overruled, on the authority of the case of *Franey* v. *True*, 26 Ill. 185. But the fact is, that a copy was given as the record recites, "Indorsed Jevne & Almini."

"The plea of the privilege," as it is called, which was the usual plea to the jurisdiction of the court, was properly disposed of in a summary manner, as the defendant was not in a position to plead it. He had acknowledged the jurisdiction, by entering full appearance and moving to continue the cause.

And so was the plea to the merits properly disposed of in the same summary way. The statute and rules of practice in that court, required the plea should be accompanied by an affidavit of merits, which was disregarded by the defendant.

This was thought by the General Assembly to be a salutary rule of practice, and we do not feel warranted in encouraging the effort to exalt it to the dignity of a constitutional question by discussing it now; we pass it by with the remark, that we have no doubt of the competency of the legislature to establish such a rule of practice, and it is not a harsh one if the defendant has a real defense.

The judgment is affirmed. *Judgment affirmed.*