(No. 24934.—

THE DIVERSEY LIQUIDATING CORPORATION, Appellee, *vs.* JOSEPH NEUNKIRCHEN, Appellant.

*Opinion filed February 15, 1939.*

Hyman M. Selkowitz, (Irving Goodman, of counsel,) for appellant.

Kotin & Gainer, (William E. Gainer, of counsel,) for appellee.

Mr. Justice Farthing delivered the opinion of the court:

Joseph Neunkirchen perfected a direct appeal to this court from an order of the municipal court of Chicago granting a motion of appellee for summary judgment against him for $2005.87 and costs. He also appealed from orders of the court dated June 24, 1938, and July 5, 1938, denying motions to vacate the aforesaid judgment. As grounds for his appeal he contends that paragraph 3 of rule 111 of the revised civil practice rules of the municipal court is unconstitutional because it deprives him of his constitutional right to a jury trial, and of due process of law.

On December 21, 1937, the Diversey Liquidating Corporation filed its statement of claim. That company had been duly incorporated under the laws of Illinois on June 24, 1937, and had taken over the assets of the Diversey Trust and Savings Bank, which had suspended business about June 12, 1931, and had gone into liquidation. Neunkirchen had a deposit of $794.16 in that bank and also owned forty shares of its stock of the par value of $100 per share. A representative suit in equity was filed on June 13, 1931, against all its stockholders. On December 13, 1936, after the cause had been referred to a master to hear evidence, a petition to stay the proceedings was filed in this stockholders' liability suit. It set forth a plan to organize a liquidating corporation, to purchase the assets of the bank, and to discharge its liabilities. As a result, the

stockholders' liability proceedings were stayed. In January, 1937, defendant and other stockholders of the bank subscribed for stock in the appellee liquidating corporation. The statement of claim contained an alleged subscription agreement by which Neunkirchen subscribed for 79½ shares of the common stock of appellee at $10 per share, in payment for which he assigned his·bank deposit. This agreement also purports to show he subscribed for 200½ additional shares.

Neunkirchen filed an appearance, demanded a trial by jury and paid the requisite appearance and jury fees. On motion of plaintiff his affidavit of defense was stricken but he was given leave to file an amended affidavit. In his amended affidavit of merits he denied signing the subscription agreement as alleged, but claimed that it had been altered by inserting a subscription for 200½ additional shares whereas, in fact, he subscribed for only 79½ shares. He alleged that he was induced to sign the subscription agreement for 79½ shares upon the representation that he would be relieved of all liability arising out of his ownership of stock in the Diversey Trust and Savings Bank.

Plaintiff then filed a motion for summary judgment supported by affidavit of its secretary, Olson, who also had sworn to the statement of claim. This affidavit denied the allegations of fraud and material alteration. An affidavit of Olson's stenographer was also attached. She stated that she had typed the subscription agreement and that it is in the same form now as it was originally. An answer, suggestions, and counter-affidavits were filed on behalf of defendant. The court heard the motion on affidavits and counter-affidavits and entered summary judgment for plaintiff. Two motions were filed by defendant to vacate this judgment. In the second of these he alleged that paragraph 3 of rule 111 of the municipal court is unconstitutional, because it purports to authorize the court to deprive him of a *bona fide* defense, and deprives him of his right

to a trial by jury. Appellee's contention that the constitutional question was not presented to the trial court and passed on by it is without merit.

The rule was adopted pursuant to the provisions of section 20 of the Municipal Court act. (Ill. Rev. Stat. 1937, chap. 37, par. 375.) By that act the legislature delegated to the municipal court of Chicago power to make such rules of practice as might be necessary or expedient for the proper administration of justice in that court. We have held this delegation of rule-making power constitutional in *Hopkins* v. *Levandowski*, 250 Ill. 372, *People* v. *Gill*, 358 id. 261, and *Ptacek* v. *Coleman*, 364 id. 618. But if a rule denies litigants a constitutional right it must be declared void. *Danoff* v. *Larson*, 368 Ill. 519.

Appellant does not question the validity of any part of rule 111 other than paragraph 3. Nor does he question the validity of section 57 of the Civil Practice act (Ill. Rev. Stat. 1937, chap. 110, par. 181) which provides for summary judgments. Under that section, if plaintiff, in certain enumerated actions, files affidavits based on personal knowledge of the affiants of the truth of the facts on which his claim is based, the court shall, on motion, enter a summary judgment, unless defendant, by affidavit of merits, shows that he has a sufficiently good defense on the merits to entitle him to defend.

This provision is similar to paragraph 2 of rule 111 of the municipal court rules, and to the summary judgment rules and statutes in New York, Michigan and the District of Columbia. The new Federal rule 56 is also similar to the Illinois statute, though broader in scope in that it is applicable to all civil actions in the Federal district courts. The New York, Michigan and the District of Columbia summary judgment rules and statutes were held constitutional when attacked on the ground that they permitted the court to deprive defendant of his right to a jury trial.

(*Peoples' Wayne County Bank* v. *Wolverine Box Co.* 250 Mich. 273; *General Investment Co.* v. *Interborough Rapid Transit Co.* 235 N. Y. 133; *Fidelity & Deposit Co.* v. *United States,* 187 U. S. 315, 47 L. ed. 194; see, also, note in 69 A. L. R. 1031.) The function of a jury is to decide disputed issues of fact. But it is obvious that where no such issue is presented there can be no denial of the right to a jury trial. The purpose of a proceeding for summary judgment is to determine whether a defense exists. Where a defense raising an issue of fact as to plaintiff's right to recover is set up, a summary judgment must be denied. To try an issue of fact by affidavits would deprive defendant of his right to a jury trial. In *General Investment Co.* v. *Interborough Rapid Transit Co. supra,* the New York Court of Appeals said: "The argument that rule 113 infringes upon the right of trial by jury guaranteed by the constitution cannot be sustained. The rule in question is simply one regulating and prescribing procedure whereby the court may summarily determine whether or not a *bona fide* issue exists between the parties to the action. A determination by the court that such issue is presented requires the denial of an application for summary judgment and trial of the issue by jury at the election of either party."

Under the Michigan and New York statutes defendant, in order to prevent a summary judgment against him, had only to show by affidavit facts constituting a good defense. These statutes did not permit the court to try the truth of the defense by affidavits. In deciding whether a good defense existed the Michigan and New York courts assumed, as true, the facts sworn to by defendant in his affidavit. The District of Columbia rule involved in the *Fidelity case, supra,* specifically stated that plaintiff was not entitled to summary judgment where defendant, in precise and distinct terms, set up a defense which would be "if true sufficient to defeat the plaintiff's claim in whole or in part." In that

case the court said: "It prescribes the means of making an issue. The issue made as prescribed, the right of trial by jury accrues. The purpose of the rule is to preserve the court from frivolous defenses, and to defeat attempts to use formal pleadings as means to delay the recovery of just demands."

In *Roberts* v. *Thomson,* 28 Ill. 79, we affirmed a judgment entered after a plea was stricken because it was not accompanied by an affidavit of merits, as required by the statute then in force and said: "This was thought by the General Assembly to be a salutary rule of practice, and we do not feel warranted in encouraging the effort to exalt it to the dignity of a constitutional question by discussing it now; we pass it by with the remark that we have no doubt of the competency of the legislature to establish such a rule of practice, and it is not a harsh one if the defendant has a real defense."

The credibility of witnesses is to be determined by the jury in common law actions. *Illinois Central Railroad Co.* v. *Adams,* 42 Ill. 474; *Chicago Union Traction Co.* v. *O'Brien,* 219 id. 303; see *Slocum* v. *New York Life Ins. Co.* 228 U. S. 364, 57 L. ed. 879.

Appellant contends that paragraph 3 of rule 111 permits the municipal court to determine the truth of defendant's affidavit of meritorious defense by means of other affidavits submitted by plaintiff and defendant and by oral examination of the parties and affiants. If he is correct, the rule must be held invalid, since it authorizes the court to pass upon the truth of his defense thus depriving him of rights guaranteed by section 5 of article 2 of the Illinois constitution.

Paragraph 3 of rule 111 says: "When the plaintiff's statement of claim is verified in the manner stated in the preceding paragraph and the defendant's defense or defenses is or are verified by an affidavit or affidavits and the

plaintiff shall file an affidavit or affidavits of himself or of some other person or persons having full knowledge of the facts alleged in the statement of claim setting forth the belief of the affiant or affiants that the defendant's defense or defenses is or are not made in good faith but only for the purpose of delay, and setting forth the facts upon which such belief is founded, and shall move the court to strike out such defense or defenses and enter judgment by default against the defendant, the court may, upon a hearing of such motion upon affidavits, or after examination of parties or affiants in open court, if satisfied such defense or defenses is or are not made in good faith, strike the same out and enter the judgment for the defendant accordingly."

Under this rule, after defendant has filed an affidavit containing facts constituting a defense, plaintiff may file affidavits "setting forth the belief of the affiant or affiants that the defendant's defense or defenses is or are not made in good faith but only for the purpose of delay." The rule then provides that the court may, upon the basis of such affidavits and oral testimony by parties or affiants, strike the defense if satisfied it is not made in good faith. In determining whether the defense is interposed in good faith may the court consider the truth of the matters stated in defendant's affidavit of meritorious defense? If the facts stated in defense were found by the court to be true it could hardly be said that the defense was made in bad faith and only for the purpose of delay. Such a course would certainly deprive defendant of his right to a trial by jury. A determination by the court as to whether an affidavit containing facts constituting a defense was interposed in bad faith and for the purpose of delay would, as a practical matter, turn on the court's belief as to its truth or falsity. Such was the situation in the present case. Defendant, by his amended affidavit of meritorious defense, set up facts which, if proved at the trial, would defeat plaintiff's claim.

Then plaintiff filed affidavits stating that the facts stated in defendant's affidavit of merits were untrue. Counter-affidavits which asserted those facts to be true were filed by defendant. The court, in reliance on plaintiff's affidavits and an apparent discrepancy between facts stated by defendant in his original and amended affidavits of merits, must have considered untrue the facts alleged in defendant's second affidavit of merits. Regardless of the fact that the affidavit stated a defense, it was ordered stricken and judgment entered. The court cannot determine the truth of defendant's affidavit of merits in a summary judgment proceeding. The truth or falsity of facts disclosing a legal defense must be decided by a jury. Paragraph 3 of rule 111 is, therefore, void.

The judgment is reversed and the cause remanded, with directions to proceed in accordance with this opinion.

*Reversed and remanded, with directions.*