(No. 26414.—)

A. P. Shirley *et al.* Appellees, *vs.* The Ellis Drier Co. Appellant.

*Opinion filed January 20, 1942.*

Hutson, Traeger & Bolger, (Lawrence C. Traeger, and Frank J. Smith, of counsel, for appellant.

Nelson, Slater & Boodell, (Drennan J. Slater, Thomas J. Boodell, and Louis A. McLean, of counsel,) for appellees.

Mr. Justice Gunn delivered the opinion of the court:

Appellees, A. P. Shirley, F. B. Olcott and F. C. Nichols, a co-partnership doing business as Shirley, Olcott & Nichols (hereafter referred to as respondents) brought suit in the circuit court of Cook county against the Ellis Drier Company, a corporation, for commissions and application for summary judgment, supported by the affidavits required by statute and rule. Affidavits in opposition thereto were filed in the case. Upon consideration thereof the circuit court entered judgment against appellant for the sum of $2042.78, being a part of the amount for which suit was brought.

This judgment was affirmed by the Appellate Court for the First District, and an appeal to this court was allowed.

Respondents were acting as agents for appellant in the sale of laundry equipment to the United States Government from the year 1933 until 1940. The complaint alleges that the commission was two and one-half per cent with five per cent upon a part of the goods furnished the navy, and that there remained due and unpaid approximately $8000. The answer of appellant admits it had employed the respondents; admits the amount of commissions it was to pay, but denies that it was to be upon the full amount of the sale but the net amount, after freight, installation and other costs had been deducted. By way of affirmative defense the answer alleges that the respondents were to represent appellant exclusively, but that respondents breached their agreement by representing as agent a competitor selling the same type of merchandise through one Chappelear, who was an associate, employee or agent of respondents, and therefore did not, as agents, perform their duty in good faith. The answer also alleges $500 was sent to respondents by mail in full settlement and accepted as such. In reply the respondents admitted the agency was exclusive as to the sale of laundry equipment, but denies there was any lack of good faith or any breach of duty, and denied acceptance of the $500 in settlement. Upon the pleadings there was no issue as to the amount of commission to be paid, but only upon the amount of the sales from which it was to be computed. There was an issue as to whether or not respondents were to represent appellant exclusively, or had breached the contract in that respect, or had accepted a settlement.

Respondents filed an affidavit for summary judgment which set forth the amount of the sale and the commissions which would accrue thereon, together with the credits, and then, in connection with the defenses set up, alleged that on account of the number and different locations of

opening Government bids it was necessary for plaintiffs to employ clerical work for reporting such bids, and that respondents employed the said Chappelear to do such work from 1933 to 1938, when he ceased doing same for respondents, and that in February, 1940, respondents learned said Chappelear had been doing abstracting work for one of appellant's competitors, and that such work is based upon public information. The affidavit also set forth that the check for $500 remitted by appellant was not in full payment and not satisfactory, and that, by letter, respondents so informed the appellant, and that there was still due and unpaid the sum of $2735.68.

The counter-affidavit by appellant admitted the amount of sales and commissions, but set forth deductions from the gross sales which would reduce the commissions $692.90 leaving a balance of $2042.78. It was also set forth in the affidavit, which was made by the president of appellant corporation, that he had been in the office of respondents at least twenty-five times and on almost every occasion saw Chappelear occupying a desk in said office, and as late as the end of 1939 saw his name on the office door with respondents' names, and had business conversations with respondents at which Chappelear was present and took part, and that said Chappelear, on behalf of the respondents, several times accompanied affiant to lunch and on inspection trips, where the installation and operation of appellant's machines were observed, and that the affiant was informed by Shirley, a member of the respondents' firm, that Chappelear had been associated with them for twenty years, and would not represent any competitor of appellant.

The affidavit also set forth that the affiant had talked personally with two of the competitors of appellant and that one of them stated his representative in 1938 and 1939 was Chappelear, and that the other stated his corporation was represented by Chappelear from the year 1939 to the present time, and that both of these witnesses were non-

residents and both were willing to testify, and that their depositions would have to be taken. The counter-affidavit also set forth that it was expressly agreed that neither the respondents nor Chappelear would handle any business of a competitor of appellant, and that Shirley told affiant that neither of respondents nor their associate, Chappelear, would represent any competitor of the appellant, and that because Chappelear had represented appellant's competitor respondents had failed to exercise the good faith required by law in the performance of their duty as an agent.

The counter-affidavit also set forth that the check for $500 enclosed in a letter, was cashed by respondents and accepted as full payment of the account, as indicated by the correspondence between the parties. It also appears from the correspondence attached to the counter-affidavit that on April 22, 1938, appellant was told that respondents, on January 9, 1937, had instructed Chappelear to discontinue any relations which he might have with one of appellant's competitors, and that since that time no correspondence had entered the office from such competitor. Later, on March 2, 1940, another letter was received by appellant from respondents in which it was stated Chappelear had done no work in connection with appellant's account, but had done work regularly in connection with another contract. It stated, however, that upon respondents' taking the matter up with Chappelear he discontinued connection with the competitor, as stated in the previous letter, but that they had learned later that he had continued doing certain abstract work for the competitor in his home, and that Chappelear felt that since he was not handling the details in the office, and had no connection with the commercial business of respondents, it could not interfere with respondents' representation of the defendant. The letter expressed regret that this fact had not been known, but that it had absolutely no bearing upon the good faith of respondents in representing appellant.

Upon the application for motion for summary judgment the pertinent section of the Civil Practice act provides that, subject to rules, summary judgment may be entered based upon an affidavit on the personal knowledge of the truth of the facts set out in the complaint, unless the defendant shall by affidavit filed prior to the time of the hearing of the motion show he has a sufficiently good defense on the merits to all, or some part of the plaintiff's claim, to entitle him to defend the action. (Ill. Rev. Stat. 1941, chap. 110, par. 181.) Supreme Court rule 15 [370 Ill. 20] provides that affidavits in support of a motion for summary judgment shall be made upon the personal knowledge of the affiants; shall set forth with particularity the facts upon which the plaintiff's cause of action is based; shall have attached thereto sworn or certified copies of all papers upon which the plaintiff relies; shall not consist of conclusions but of such facts as would be admissible in evidence, and shall affirmatively show that the affiant if sworn as a witness, can testify competently thereto. And the affidavit to prevent entry of a summary judgment shall be made in like manner.

The rule also provides that should the affidavit of either party contain a statement that any of the material facts which ought to appear in the affidavit are known only to persons whose affidavit affiant is unable to procure by reason of hostility or otherwise, naming such persons, and showing why their affidavits cannot be procured, and what affiant believes they would testify to, with the reasons for such belief, the court may make such order as may be just, either granting or refusing the application for summary judgment, or making an order for a continuance to permit affidavits to be obtained, or for submitting interrogatories to, or taking the depositions of, any of the persons so named.

In *Diversey Liquidating Corp.* v. *Neunkirchen,* 370 Ill. 523, we said: "The purpose of a proceeding for summary

judgment is to determine whether a defense exists. Where a defense raising an issue of fact as to plaintiff's right to recover is set up, a summary judgment must be denied." The trial court correctly announced the rule as to when a summary judgment may be entered when it said: "The court * * * then determines if the evidence contained in these affidavits was orally submitted to the court, there would be something left to go to a jury. If there is anything left to go to the jury the motion for summary judgment is denied. If what is contained in the affidavits would have constituted all of the evidence before the court and upon such evidence, there would be nothing left to go to the jury, and the court would be required to direct a verdict, then a summary judgment will be entered."

We do not think the trial court correctly applied the rule in view of the issues in this case. One of the defenses set out in the answer was that the respondents as exclusive agent had an associate or representative who at the same time was representing a competitor. It is admitted in respondents' affidavit and in the letters attached that this individual did do certain work for the respondents, and also work on his own account connected with competitors. The respondents claimed that the exclusive agencies related only to the sales of the products, and not the ancillary matters handled by Chappelear. The appellant claims it was exclusive in *all* respects. The affidavit of appellant sets forth particular facts of its own knowledge, showing association, consultation and opportunity of having knowledge of the appellant's business, which would bear upon the issue of good faith made in the answer.

Appellant's affidavit further called to the attention of the court that it could procure the testimony of representatives of competitors who were non-residents. The affidavit in this respect complies with sub-section 3 of Supreme Court rule 15. We are not called upon to decide whether the pleadings have properly raised the question of good faith

or breach of duty since the respondents have joined issue on that subject in the answer. With this issue in the case and the matters set forth in the appellant's affidavit, as well as the matters of excuse or avoidance set out in the respondents' affidavit, a matter is left to be disposed of that could not be passed upon by the trial court upon a motion for summary judgment. In disposing of this part of the case the trial court says Chappelear had a clientele of his own, but at no time in his dealings represented the respondents for or on behalf of any competitor of appellant. We do not think the court was in position to make such a finding conclusive on appellant. Appellant in its affidavit of defense set out the names of individuals from competing firms who he stated would testify that Chappelear was their representative, and the affidavit of the president of the appellant company that he saw Chappelear many times in the office of the respondents, and that he joined in conversation with the appellant and the respondents, and the details of their business was discussed, is not denied.

We are not passing upon whether these facts are sufficient to establish a defense set out in the answer, but we do hold that it was not a matter that could be disposed of on a motion for summary judgment. All of the facts in this connection should be submitted to a jury. The same is true with respect to the check for $500 mailed by appellant to respondents, claimed to be in full settlement. In ascertaining whether this was received as, in effect, an accord and satisfaction, the language of the correspondence, the surrounding circumstances, whether there was a *bona fide* dispute, and the length of time the money was retained, are all questions for determination by a jury. Part of the correspondence of the parties is attached to the affidavits. We do not deem it necessary to analyze it in detail. It is sufficient to say that after we have examined it, together with the affidavits, we think a question of fact remains that should be passed upon by a jury.

112

The judgment of the Appellate Court for the First District affirming the judgment of the circuit court of Cook county is reversed, and the cause remanded to the circuit court of Cook county, with directions to set aside the summary judgment entered by it, and proceed in a manner consistent with the views expressed herein.

*Reversed and remanded, with directions.*