(No. 27630.—

THE PEOPLE ex rel. Laura C. Foote et al., Appellants, vs. EDWARD J. KELLY, Mayor, et al., Appellees.

*Opinion filed January 20, 1944—Rehearing denied March 20, 1944.*

James W. Breen, of Chicago, for appellants.

Barnet Hodes, Corporation Counsel, Pope & Ballard, Knapp, Cushing, Hershberger & Stevenson, Theodore Schmidt, Lee Walker, M. O. Hoel, and R. J. Thompson, (J. Herzl Segal, and John J. Mortimer,. of counsel,) all of Chicago, for appellees.

Mr. Justice Wilson delivered the opinion of the court:

April 30, 1943, the People of the State, on the relation of Laura C. Foote and six others, residents of Chicago, filed their amended petition for a writ of *mandamus* in the superior court of Cook county against the defendants, the city of Chicago, its mayor and various city officers, Republic Steel Corporation, Interlake Iron Corporation, South Chicago & Southern Railroad Company, Defense Plant Corporation, France Stone Co., Inc., Chicago & Calumet River Railroad Company, Indiana Harbor Belt Railroad Company, later dismissed as a defendant, and Pennsylvania Railroad Company, alleging that the private corporations enumerated have placed a large amount of building equipment, loading and unloading apparatus, fences, temporary shelters and other kinds of obstructions on the right of way of East One Hundred and Eleventh street, preventing petitioners and the public generally from traveling over and upon the right of way, a distance of approximately one mile, between the west line of South Burley avenue and the east bank of the Calumet river, in

Chicago; that demands served May 29, 1942, on the private corporate defendants for the removal of the obstructions forthwith, and, on June 2, 1942, on the city council of the city of Chicago for the passage of legislation requiring such removal, were ignored, and that, on June 3, 1942, the city council passed an ordinance purporting to vacate and close the space indicated, subject to the express condition contained in section 2 of the ordinance that, within sixty days after its passage, "Defense Plant Corporation shall pay or cause to be paid to the City of Chicago as compensation for the benefits which will accrue to the owner of the property abutting said part of public street hereby vacated, the sum of nine thousand and twenty-three and 52/100 dollars ($9,023.52,) which sum in the judgment of this body will be equal to such benefits." It is further alleged that the ordinance grants to private persons and corporations the right to use, occupy and place obstructions upon a public highway within the limits of the city, contrary to the law, and is therefore null and void; that Defense Plant Corporation does not own any property abutting on the portion of East One Hundred and Eleventh street vacated but that practically all of the property is owned by Republic Steel Corporation and other private corporations, and that the sole beneficiaries of the purported vacation, being private corporations, "the purported vacation of the said public highway is for a purely private purpose and for the exclusive benefit of private corporations, and is not for the benefit of the general public." The relief sought was a writ of *mandamus* commanding defendants to remove the obstructions upon the right of way of East One Hundred and Eleventh street between the west line of South Burley avenue and the east bank of the Calumet river so that petitioners and the public generally may travel over and along the portion of the street described and use it as a public highway. Defendants' motion to strike the amended petition was sustained and the

cause dismissed. The trial judge having certified that the validity and constitutionality of a statute and an ordinance are involved, petitioners prosecute a direct appeal to this court.

The controverted portion of the vacation statute (Ill. Rev. Stat. 1943, chap. 24, par. 69-11,) is the provision added by amendment June 30, 1923: "The determination of the corporate authorities that the nature and extent of the public use or public interest to be subserved is such as to warrant the vacation of any street or alley, or part thereof, is conclusive, and the passage of such an ordinance is sufficient evidence of that determination, whether so recited in the ordinance or not. The relief to the public from further burden and responsibility of maintaining any street or alley, or part thereof, constitutes a public use or public interest authorizing the vacation."

By their amended pleading and upon this appeal, petitioners charge that the ordinance violates sections 1 and 2 of article II, article III, and section 22 of article IV of the constitution of the State and section 1 of the fourteenth amendment to the Federal constitution. Further, they allege that the quoted statutory provision transcends article III of our constitution. The principal ground of attack against the statute is the contention that it constitutes an usurpation of judicial powers by the legislature. Petitioners contend further that since all the owners of lots and property abutting on One Hundred and Eleventh street between South Burley avenue and the east United States channel line of the Calumet river are private corporations and section 2 of the ordinance provides that "the Defense Plant Corporation shall pay or cause to be paid to the City of Chicago, as compensation for the benefits which will accrue to the owner of the property abutting" the public street, the express language of the ordinance conclusively demonstrates that its enactment was for a private purpose and for the benefit of private persons and cor-

porations. Defendants answer that since 1923 the plenary power of the legislature to vacate streets has been delegated to municipal corporations and, pursuant to such delegation, the city council of a city may, without any judicial determination, order the vacation of a street by an ordinance passed in compliance with the statute, and, in particular, that this procedure does not violate article III of the constitution of this State or any other constitutional provision.

In *People ex rel. Hill* v. *Eakin,* 383 Ill. 383, *American Asphalt Paving Co.* v. *City of Chicago,* 330 Ill. 330, *Nielsen* v. *City of Chicago,* 330 Ill. 301, and *People ex rel. Franchere* v. *City of Chicago,* 321 Ill. 466, this court has considered the validity of the challenged provision of the statute and of ordinances passed pursuant to the statute, as amended. These decisions hold that since the express authorization by legislative enactment in the 1923 amendment, it is no longer contrary to public policy to allow a municipality to demand and receive from private parties compensation as a condition precedent to the exercise of its power to vacate a street or alley no longer needed for public use; that the fee in streets and alleys is vested in the local municipality in trust for all the citizens of the State and not merely for local use, and the General Assembly has supreme control over them unless restrained by constitutional limitation; that the only constitutional limitation upon the power of the legislature in the matter of the vacation of streets and alleys is section 22 of article IV of our constitution, which forbids the enactment of any local or special law; that, in the absence of special constitutional restrictions, the legislature, by virtue of its plenary power, may vacate or discontinue streets or highways, and, as it can only act in the premises through subordinate agencies, it must necessarily have the power to confer upon such agencies all the power which it possesses in this regard; that when such power is exercised by the

agency it is the exercise of the power of the legislature, and, when so authorized, the city council may, without any judicial determination, order the vacation of a street by proceeding in accordance with the applicable statute. These decisions do not hold or purport to declare that if a vacation ordinance is passed without any consideration of public interest to support it, the ordinance is nevertheless valid and constitutional and that injured property owners are deprived of recourse to the courts. The statute limits the authority of the courts but it does not assume to deny them the right to examine the record to see if any public use or interest is subserved in vacating a street or alley. Properly construed, the statute merely declares the long-established rule that the courts will not inquire whether the subordinate body selected to exercise the power delegated by the General Assembly acted wisely or not, nor inquire into the motives of the council in vacating a street or alley, nor into the expediency of such action. The authority of the court is limited in its investigation to the question of whether the act of vacating is beyond the scope of the power delegated. (*People ex rel. Franchere* v. *City of Chicago,* 321 Ill. 466.) Courts must not, of course, substitute their judgment for that of the city council as to whether the nature of the public interest justifies the ordinance nor as to whether the extent of the public interest to be subserved is so limited as to render the ordinance unreasonable. The question is, instead, whether the purpose and result of the legislative act, here an ordinance of the city of Chicago, is to solely benefit private interests without any semblance of benefit accruing to the public. Referring to ordinances passed under the authority granted by the statute, this court, in *American Asphalt Paving Co.* v. *City of Chicago,* 330 Ill. 330, pertinently observed: "Such an ordinance is not rendered void because some private interest may be served by the vacation. Before a vacation ordinance can be declared void, it must clearly ap-

pear that no consideration of public interest could have led to its enactment." It follows that while this court does not inquire into the motives actuating the passage of a vacation ordinance, the rule that the act of passing the ordinance is an expression of the discretion and judgment of the council and must be regarded as final because of the presumption that all law-making bodies are actuated by patriotic purposes, is subject to the exception that the discretion must not be so grossly abused as to amount to a nonexercise of discretion. *People ex rel. Heffernan* v. *Carlock,* 198 Ill. 150.

Application of these firmly-established principles to the pleadings discloses that petitioners allege as a fact that the sole beneficiaries of the purported vacation of the street in controversy are private corporations and that the purported vacation of the public highway is for a purely private purpose, namely, for the exclusive benefit of private corporations and, on the other hand, not for the benefit of the general public. This allegation of fact the defendants should have been required to answer. The issue thus made would have presented for decision the question whether the purpose and effect of the ordinance is to solely benefit private interests to the complete exclusion of public benefits.

The judgment of the superior court is reversed and the cause is remanded, with directions to overrule the motion of the defendants to strike petitioners' amended petition and to enter a rule upon defendants to answer petitioners' pleading.

*Reversed and remanded, with directions.*

Mr. JUSTICE MURPHY, dissenting:

I cannot agree with the majority opinion. The statute construed in this case was construed in *People* v. *Eakin,* 383 Ill. 383, and in my judgment the conclusion reached in that case controls here and, if followed, would result in a conclusion opposite the one reached in the majority opinion.