(No. 29539.—

L. H. BARKHAUSEN *et al.,* doing business as The Doubleby Co., Appellees, *vs.* WILGUS NAUGHER *et al.*—(WILGUS NAUGHER, Appellant.)

*Opinion filed November 20, 1946—Rehearing denied Jan. 20, 1947.*

AIKEN, MCCURRY, BENNETT & CLEARY, (CHARLES R. AIKEN, of counsel,) both of Chicago, for appellant.

BOHRER, BLACKMAN & LOMAN, (MAURICE R. LOMAN, of counsel,) both of Chicago, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiffs, L. H. Barkhausen and Randolph Bahrer, doing business as The Doubleby Co., appellees, obtained a judgment against Wilgus Naugher, defendant-appellant, in the sum of $3813.42, in the municipal court of Chicago. From this judgment said defendant appealed to the Appellate Court which affirmed the judgment. Defendant's petition for leave to appeal to this court was allowed and the cause is here for a further review.

The plaintiffs, as assignees under a lease in which the lessors were the trustees of the estate of Marshall Field and the lessees were J. Wilgus Naugher and Beryl Jacobson, caused a judgment by confession to be entered in the municipal court of Chicago against the lessees. The judgment was for the sum of $4005.92. Subsequently the defendant Naugher filed his petition and amended petition praying that the judgment be set aside.

Defendant Naugher based his amended petition to set aside the judgment on the contention that it was procured

by fraud upon a claim to which he had a complete defense; that the lease had been cancelled by agreement of the parties prior to the time of the accrual of the rents claimed and that the premises had been surrendered to the lessors in exchange for a release of the lessees under the lease. An order was entered by the lower court giving defendant leave to appear and defend and ordering that a trial of the cause be had; that the judgment stand as security and that defendant's petition stand as an affidavit of defense. No reply was filed denying the affirmative matter contained in the affidavit of defense. While the cause was pending for trial before a jury, plaintiffs filed a motion for summary judgment supported by the affidavit of the rental agent of the building in which the premises in question were located. The affidavit filed in support of plaintiffs' motion for summary judgment denied each of the facts pleaded by the defendant in his amended petition to vacate the judgment by confession, and denied that there had been any agreement for cancellation of the lease, and stated that there had been no cancellation and release. Defendant then moved to strike said motion and supporting affidavit on the ground that pending before the court were pleadings presenting a controversy as to material facts and issues. It was further contended that such issues of fact were set forth in his petition to vacate the judgment. The court denied defendant's motion to strike and the defendant then answered setting up by reference his affidavit of defense already on file in the cause. The answer was stricken by order of the court for the reason that it was not a counteraffidavit. Thereupon defendant filed an affidavit in opposition to the motion for summary judgment denying the denials contained in the affidavit filed by the plaintiffs in support of their motion for a summary judgment. The municipal court granted plaintiffs' motion for a summary judgment and entered a judgment in favor of

plaintiffs for $3813.42. Upon appeal by the defendant to the Appellate Court the summary judgment was affirmed.

Defendant contends that the court was in error in that he had been deprived of his right to a jury trial and that the pleadings show there was a controverted question of fact which should not be determined upon the pleadings without a trial upon the issues involved. The theory of plaintiffs was that there was no issue of fact created by the pleadings of the defendant, and, therefore, there was no triable issue to submit to a jury. With this contention we cannot agree. An examination of the affidavit filed in support of plaintiffs' motion for a summary judgment indicates upon its face that there exist disputed questions of fact, particularly as to the cancellation of the lease involved. This affidavit denies the cancellation and in our opinion indicates upon its face that there does exist controverted and disputed questions of fact. The defendant's petition to set aside the judgment originally entered by confession sets forth sufficient facts to clearly indicate that there exists a triable issue of fact. This petition was ordered by the lower court to stand as the defendant's affidavit of defense.

Rule 26 of this court provides for the opening of judgments by confession upon a showing by affidavit that there is a defense on the merits to the whole or a part of the plaintiff's demand, and that if it shall appear that the defendant has a defense on the merits to the whole or a part of plaintiff's demand and that he has been diligent in presenting it, the court shall sustain the motion.

Plaintiffs urge that the defendant's amended petition to vacate the judgment failed to allege any ultimate facts concerning the authority of the agent to cancel or terminate the lease, or that the authority of the agent was in writing as required by the conditions of the lease, and that the defendant should not have been given leave to appear and

defend the action based upon said petition. In this connection plaintiffs state that the record shows that the defendant dealt with the agent of the lessors and not with the lessors directly. It is also noticed that defendant alleged that he surrendered possession of the premises to the lessors. We do not believe it was necessary for the defendant to specifically allege that the agent had the authority to act. This is a matter of proof. The question of whether an agent is authorized to act is a question of fact to be submitted to a jury. *Freet v. American Electrical Supply Co.* 257 Ill. 248.

An examination of defendant's amended petition to vacate the judgment indicates upon its face that the defendant has a defense on the merits to plaintiffs' demand. The trial court was correct in granting defendant's petition and allowing him leave to appear and defend the action.

The question presented in this appeal is whether or not the record discloses that the defendant has a meritorious defense to plaintiffs' application for summary judgment. In other words, whether or not there is a dispute as to the facts upon which the plaintiffs base their claim. If, after examination of the record, it can be fairly said that there does exist a dispute as to the facts, and if it is apparent that there exists a triable issue of fact, then plaintiffs' motion for summary judgment should be denied.

The record discloses that plaintiffs' affidavit, in support of their motion for summary judgment, upon its face shows there is a dispute as to material facts. The affidavit denies each ultimate fact pleaded by defendant in his amended petition to vacate the judgment by confession. Assuming that defendant's affidavit is insufficient, the summary judgment should not be entered unless plaintiffs' affidavit, strictly construed, leaves no question of defendant's liability. The amended petition to vacate the judgment filed by defendant was ordered by the trial court to stand as defendant's affidavit of defense. This affidavit, among

other things, sets forth that the lease had been cancelled by agreement of the parties and that the premises had been surrendered to the lessors in exchange for a release of the lessees under the lease. Subsequently the defendant filed an affidavit denying the denials contained in plaintiffs' affidavit for summary judgment. While this type of pleading is not to be approved of, it is apparent there is a triable issue of fact.

Where, as here, it is apparent that a controversy does exist, the entry of a summary judgment is improper. The provisions of the statute and the rules were intended to facilitate litigation and to expedite trial procedure through the use of the summary judgment. This, however, cannot be employed where it is shown that there is an actual dispute as to the facts and that there exists a triable issue.

We believe that there exists a material issue of fact necessary to be tried and we hold that the truth or falsity of facts disclosing a legal defense must be tried by jury. *Diversey Liquidating Corp.* v. *Neunkirchen,* 370 Ill. 523; *Shirley* v. *Ellis-Drier Co.* 379 Ill. 105.

The judgment of the Appellate Court and the summary judgment of the municipal court are reversed and the cause is remanded to the municipal court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*