(No. 34454.—

THE PEOPLE *ex rel.* Mary E. Sharp *et al.*, Appellants, *vs.*
THE CITY OF CHICAGO *et al.*, Appellees.

*Opinion filed January 24, 1958—Rehearing denied March 19, 1958.*

158

Frank E. Wardecker and Clarence F. Martin, both of Chicago, for appellants.

John C. Melaniphy, Corporation Counsel, of Chicago, (Sydney R. Drebin, and James R. Bryant, Jr., of counsel,) for appellee City of Chicago, and Sidley, Austin, Burgess & Smith, of Chicago, (Kenneth F. Burgess, James W. Kissel, and Robert A. Downing, of counsel,) for appellee Proctor & Gamble Manufacturing Company.

Mr. Justice Klingbiel delivered the opinion of the court:

An owner of real estate and others brought a *mandamus* action in the superior court of Cook County against the city of Chicago and the Proctor & Gamble Manufacturing Company, seeking to compel the removal of certain obstructions across land alleged to be portions of a public alley. A summary judgment was rendered for defendants, and the plaintiffs appeal. The appeal is taken directly to this court, the trial judge having certified that the validity of an ordinance is involved and that in his opinion the public interest requires such a direct appeal.

The relator's property comprises the northwest corner of a block in the city of Chicago. The Proctor & Gamble Company owns all the rest of the property in the block. Prior to July 26, 1955, there was a twenty-foot alley running north and south through the block. On that date an ordinance was passed vacating the portion south of relator's property, on condition that the Proctor & Gamble Company dedicate to the public a twenty-foot strip running east and west adjoining the southern boundary of relator's property and connecting with the unvacated portion of the north and south alley. Other conditions required the Proctor & Gamble Company, as the owner of property abutting the portion of the alley vacated, to pay the city the sum of $3,918 together with the costs of certain sidewalk, curb

and paving work incident to the change. As a result of the vacating ordinance and the new dedication, the alley runs from the street on the north to the southern boundary of relator's property, where it makes a turn and proceeds west to the street along the west side of the block. None of relator's property abutted on the vacated portion of the alley.

The petition alleges that the vacating ordinance was passed solely for the benefit of the Proctor & Gamble Company, and not for the benefit of the public, and that it is therefore null and void. The defendants denied the allegation and moved for summary judgment. Affidavits on their behalf showed, *inter alia,* that the new alley is 195 feet shorter in length than the prior one, and that the area vacated is now assessed for taxes. A counter-affidavit on plaintiffs' behalf stated that Proctor & Gamble had requested the city to vacate the portion of the alley; that although the alley prior to the vacation had holes in it, they did not render it impassable; that no more garbage was strewn in the alley than in alleys in general in the city; that since the change many truck drivers, in order to avoid the right-angle turn, back into the alley from the street, thus creating a traffic hazard; and that since the change in the alley the north edge of the east-west portion has deteriorated or crumbled away, reducing the level surface to less than twenty feet. In further support of their motion the defendants then filed a plat and certain photographs, together with the affidavit of the city employee who prepared them, and an engineer's drawing accompanied by his affidavit.

Relators contend that summary judgment was improper because there were issues of fact which should have been submitted to a jury. The contention is based upon the argument that the ordinance is invalid if the benefit to Proctor & Gamble outweighs the benefit to the public. The proposition advanced is in effect that the one may in some

manner be deducted from the other, to arrive at a "net benefit" either to private persons or to the public, as the case may be, and that the question whether there is a net benefit to the public is a factual one which may be tried by jury.

We cannot accept the argument. Neither a jury nor the court may substitute its judgment for that of the city council as to whether the nature of the public interest justifies the ordinance or as to whether the extent of the public interest to be subserved is so limited as to render the ordinance unreasonable. (See *People ex rel. Foote* v. *Kelly,* 385 Ill. 543, 548.) The power to vacate and close public streets or alleys is as necessary for the public good as the power to establish them, in order that the public may be relieved from expense of maintaining useless ones, and from liability for their nonrepair or defective condition. If there is any substantial showing in the record that the public interest will be served by vacating or altering a street or alley, the ordinance is within the power of the council, no matter how much or how little private parties may be benefited thereby. (*People ex rel. Weber* v. *Atkins,* 295 Ill. 165.) The court cannot perform the legislative function of determining its desirability; nor can an ordinance be declared invalid merely because, in the court's opinion, the detriments to the public outweigh the benefits. (*People ex rel. Hill* v. *Eakin,* 383 Ill. 383.) The test of validity is whether any consideration of public interest could have led to the enactment of the ordinance. (*People ex rel. Alexander* v. *City of Mt. Vernon,* 404 Ill. 58; *American Asphalt Paving Co.* v. *Chicago,* 330 Ill. 330.) This is a question of law for the court to decide, from the terms of the ordinance and the other facts and circumstances disclosed by the record.

The propriety of awarding summary judgment depends upon whether or not a *bona fide* issue of fact exists between the parties to the action. If, upon examination of the pleadings and affidavits, it can be fairly said that a

material dispute exists as to the facts, a motion for summary judgment should be denied. (*Barkhausen* v. *Naugher*, 395 Ill. 562; *Shirley* v. *Ellis Drier Co.* 379 Ill. 105; *Diversey Liquidating Corp.* v. *Neunkirchen*, 370 Ill. 523.) On the other hand, where the pleadings and affidavits show there is no triable issue of fact, a summary judgment will be granted. *Roe* v. *Cooke*, 350 Ill. App. 183.

The facts stated in the counteraffidavit submitted on plaintiffs' behalf, taken to be true, are clearly insufficient to establish the invalidity of the ordinance. Not only does the presumption of validity remain, but the uncontroverted facts affirmatively show the presence of public benefit. It cannot be disputed that the city was relieved of the burden and responsibility of continued maintenance of the vacated portion of the alley; that additional tax revenue would accrue by virtue of private ownership; that a potential source of liability to the traveling public was removed; that substantial compensation was received by the city from the owner of the abutting property; and that the latter paid certain costs of improving the surface of the alley. Plaintiffs have made no showing that the vacated portion was essential for access to properties in the block, or that it was extensively used by the traveling public. There is nothing in the affidavits or the facts admitted by the pleadings to indicate that the city council was not exercising an honest judgment, believing that the public interest would be served by the vacating ordinance, even though benefits were also received by the owner of the abutting property. It is evident, therefore, that no triable issue of fact was presented.

The plaintiffs further contend the court erred in striking from the complaint certain portions alleging respects in which Proctor & Gamble would benefit by the ordinance, and alleging that the proceedings to vacate the alley were initiated only after a request had been made by Proctor & Gamble. There was no error in striking the allegations.

The issue was whether any public interest was served by vacating the alley. The fact that private parties may also benefit has no bearing on this issue.

The result reached by the superior court is correct, and the judgment is accordingly affirmed.

*Judgment affirmed.*