**Edward C. Sterling, Appellant, v. City National Bank and Trust Company of Chicago, a National Banking Association, Appellee.**

**Gen. No. 47,305.**

First District, Second Division.
April 29, 1958.
Released for publication May 21, 1958.

Edward Slovick, of Chicago, for appellant.

Dallstream, Schiff, Hardin, Waite & Dorschel, of Chicago (John B. Robinson, Jr., of counsel) for appellee.

JUSTICE LEWE delivered the opinion of the court.

Plaintiff, a shareholder of Forman Realty Corporation, hereafter called Forman, an Illinois Corporation, filed an action against defendant, City National Bank and Trust Company of Chicago, hereafter called the bank, and stock transfer agent of Forman, to recover the penalty provided in Section 45, Illinois Business Corporation Act [Ill. Rev. Stats. 1957, ch. 32, § 157.45] for the bank's alleged wrongful refusal to allow plain-

tiff to examine the record of shareholders of Forman. Defendant's motion for summary judgment was sustained and the complaint was dismissed.

February 15, 1957, a complaint was filed, alleging in substance, that plaintiff is the owner of record of 2,979 shares of the capital stock of Forman for more than six months prior to February 8, 1957; that on February 8, 1957, plaintiff made a written demand on the bank as transfer agent that the record of shareholders be made available to plaintiff for solicitation of proxies for the annual meeting of the shareholders of Forman, and so that he could communicate with his fellow shareholders to discuss the operation of Forman, and that plaintiff desired to examine said record of shareholders and to make extracts therefrom on Monday, February 11, 1957 or Wednesday, February 13, 1957; and that the value of the shares of Forman owned by plaintiff is $256,194. Plaintiff claims damages in the sum of 10 per cent of the value of the shares, plus $400 which he says he incurred in pursuing his rights as a shareholder of Forman.

On Friday, February 8, 1957, at about 3:30 P.M., plaintiff delivered to the bank the written demand for the production of the record of shareholders of Forman. On February 9, 1957 and February 10, 1957, the bank was closed. On February 11, 1957, the bank stated that it had received no communication from Forman relative to plaintiff's demand. February 13, 1957, the attorney for the bank informed plaintiff's attorney that plaintiff would not be permitted to examine the record of shareholders until Forman could determine whether plaintiff's demand to make such an examination of the records, was for a proper purpose and that the matter would be presented to the board of directors of Forman at its next regular meeting on February 26, 1957. February 27, 1957, the bank received from Forman a certified copy of a resolution

342

that it had no objection to the compliance by the bank with plaintiff's demand. March 5, 1957, plaintiff called at the office of the bank and made an examination of the lists of the shareholders of Forman.

The basic question presented by this appeal is whether the bank, as Forman's transfer agent, is liable under Section 45 of the Illinois Business Corporation Act, because it refused plaintiff's demand to examine Forman's books.

For the reasons discussed hereinafter, we are of the opinion that a proper construction of Section 45 does not render the transfer agent liable for refusal to comply with a stockholder's demand to examine the records, unless such transfer agent is acting contrary to the directions of its corporate principal.

Section 45, Illinois Business Corporation Act, in pertinent part reads:

"Each corporation shall keep . . . at its registered office or principal place of business in this state, or at the office of a *transfer agent* . . . , a record of its shareholders . . . Any person who shall have been a shareholder of record . . . for at least six months immediately preceding his demand . . . shall have the right to examine . . . at any reasonable time, for any proper purpose, its . . . record of shareholders, and to make extracts therefrom.

"Any officer, or *agent*, or a corporation which shall refuse to allow such shareholder . . . so to examine and make extracts from its record of shareholders . . . shall be liable to such shareholder . . ." (Emphasis ours.)

■■ There is nothing in the context to indicate that the legislature intended to use the words "transfer agent" in Section 45 other than in their common and usual sense. Generally an agent is one employed by another to transact business for him, and the acts of an agent are performed under the direction of its

343

principal. The bank, as transfer agent of Forman, had mere physical possession of the list of shareholders. To comply with plaintiff's demand, we think it was necessary to get authority to do so from the principal, Forman. Construction of Section 45 which relieves the transfer agent of the necessity of consulting the principal would deprive the principal of control of its own property.

If we assume as the plaintiff contends that the bank is required to comply with plaintiff's demand without notifying Forman, then the bank must determine, whether (1) a proper purpose has been stated, (2) that the stated purpose is the real purpose, (3) that the demand requests that the examination be conducted at a reasonable time or times, and (4) that the demanding stockholder has not made himself ineligible to make the demand by virtue of having within the preceding two years, either (a) sold or offered for sale a list of stockholders, or (b) improperly used information secured through a prior examination of either the records of the corporate principal or any other corporation. The answer to these questions, might entail a careful investigation of plaintiff's activities over a two year period.

In Morris v. Broadview, Inc., 385 Ill. 228, the court said at p. 231, "Any construction that leads to any absurd consequences should be avoided, as courts will assume that no such absurdity was intended; (People ex rel. Keeney v. City of Chicago, 152 Ill. 546); the section must be interpreted according to its intent and meaning and reasonably, so as to accomplish its general object . . ." To the same effect see, Secco v. Chicago Transit Authority, 2 Ill.App.2d 239. On the other hand, without such a safeguard, it is doubtful whether the principal, Forman, would risk the consequences of placing the lists of the stockholders in the hands of the bank as transfer agent.

Plaintiff further contends that the pleadings and affidavits raise genuine issues of fact as to whether the bank refused plaintiff's demand. We think this contention is without merit. The complaint does not allege that a demand was made on Forman, the principal. Nor is it alleged in the complaint or charged in either of the counter-affidavits filed by plaintiff in opposition to defendant's motion for summary judgment, that the bank knew of any alleged mismanagement by Arthur Wirtz, president of Forman, or the latter's attempt to buy stock of Forman through another corporation. In People ex rel. Sharp v. City of Chicago, 13 Ill.2d 157, 160, the court said:

"The propriety of awarding summary judgment depends upon whether or not a *bona fide* issue of fact exists between the parties to the action. If, upon examination of the pleadings and affidavits, it can be fairly said that a material dispute exists as to the facts, a motion for summary judgment should be denied . . . On the other hand, where the pleadings and affidavits show there is no triable issue of fact, a summary judgment will be granted."

Since the bank had no knowledge of the alleged inimical activities of the principal, or its officers, it, therefore, follows that such activities are immaterial in this suit against the bank.

For the reasons stated, the judgment is affirmed.

Affirmed.

KILEY, P. J. and MURPHY, J., concur.