(No. 35664.—

EDWARD M. RAY *et al.,* Appellants, *vs.* THE CITY OF CHICAGO *et al.,* Appellees.

*Opinion filed May 20, 1960.—Rehearing denied September 26, 1960.*

594

SCHAEFER, J., took no part.

Sonnenschein, Lautmann, Levinson, Rieser, Carlin & Nath, of Chicago, (John J. Faissler, and Wayne R. Hannah, Jr., of counsel,) for appellants.

John C. Melaniphy, Corporation Counsel, and Kirkland, Ellis, Hodson, Chaffetz & Masters, both of Chicage, (Sydney R. Drebin, Assistant Corporation Counsel, Andrew C. Hamilton, and Edward G. Proctor, of counsel,) for appellees.

Mr. Justice Klingbiel delivered the opinion of the court:

The owners of certain nearby real estate brought a declaratory judgment action in the circuit court of Cook County to declare invalid a Chicago ordinance vacating the one-block portion of Surf Street between Lake Shore Drive and Commonwealth Avenue and an alley in the block to the north. The action was brought against the city of Chicago, its mayor and its street commissioner; and by leave of court the St. Joseph Hospital, which owns the property abutting the vacated street and alley, was later added as a defendant. The complaint also prayed that defendants be restrained from vacating the street and alley and from obstructing them. After answers were filed defendants moved for summary judgment. The court granted the motion, and plaintiffs appeal directly to this court, the trial judge having certified that the validity of a municipal ordinance is involved and that in his opinion the public interest requires such direct appeal.

The record discloses that St. Joseph Hospital, a private not-for-profit corporation, owns the entire block north of Surf Street to Oakdale Avenue, and about the northerly two-thirds of the block to the south of Surf street. It thus owns all of the property abutting the street and alley in question; and upon vacation of the street and alley title previously vested in the city would vest in St. Joseph Hos-

pital. The corporation plans to construct a new hospital across the land in question, and the initial suggestion that the street be vacated was made on its behalf. The vacating ordinance which was adopted May 28, 1958, contained a proviso requiring payment of $100 as compensation for benefits accruing to the abutting owner.

The complaint alleges that the plaintiffs are taxpayers and own improved properties in the immediate vicinity of the vacated street and alley; that the street has been used without interruption as an important thoroughfare for over 100 years, serving the public generally and the residents of the area in particular; that vehicular and pedestrian traffic has become increasingly heavy from year to year, so much so that Surf Street and Oakdale Avenue, the next street north, have both been designated as one-way streets; that there is a critical parking situation in the area which will be aggravated if Surf Street is vacated; that the city has no power to vacate streets or alleys unless a public use or interest is subserved; that the ordinance was passed without any consideration for the public interest; and that the sole purpose and result of the vacation is to create benefits upon a privately owned corporation, without any benefits whatever accruing to the public. It is further alleged that the land included in the vacated street and alley has a fair cash market value in excess of $200,000; and that the sum of $100, which the ordinance provides as compensation, is grossly inadequate and bears no relation to the benefits accruing to St. Joseph Hospital by reason of the vacation.

The defendants filed answers denying the material allegations of the complaint and alleging (a) that in enabling St. Joseph Hospital to establish a private charitable hospital in the area, the ordinance benefits all the people of Chicago by increasing and improving the hospital facilities available to them; (b) that the removal of the intersection between Surf Street and Lake Shore Drive will greatly reduce through traffic on Surf Street and will enhance the

value of residential properties abutting Surf Street by protecting them from the hazards, noise and congestion of through traffic; and (c) that the city will be relieved of the burden and responsibility of maintaining the portion of the street and alley in question. In their reply the plaintiffs denied all affirmative allegations in the answers, except that they admitted the removal of the intersection would greatly reduce through traffic on Surf Street.

From the pleadings, exhibits and affidavits it appears that the hospital's property and the street and alley in question are located in a neighborhood characterized by numerous multi-story apartment buildings; that a large number of people reside in the area; that the part of Surf Street described in the vacating ordinance is 66 feet wide, 242 feet long on its northerly side and 250 feet long on the southerly side; that the east-west alley described in the ordinance is an 18-foot alley extending from North Lake Shore Drive to Commonwealth Avenue, a distance of 228 feet; that the area is zoned R-7, which permits hospital use; that the architect engaged by the defendant corporation prepared plans for a new hospital to be located across Surf Street, that he participated in the filing of an application with the city for the closing of the street, that the suggestion to vacate it, to begin with, was that of his firm; and that public hearings were held prior to passage of the ordinance.

Minutes of the proceedings in the city council, filed with defendants' motion for summary judgment, show that numerous persons spoke in opposition to the ordinance, giving as reasons that closing the street and constructing a hospital would create parking and traffic problems, that sewers would be overloaded, that access to recreational facilities would be impeded, and that rental and land values would be seriously affected. The minutes also show that a builder spoke in favor of the proposal and that the city planning commissioner recommended closing the street and alley be-

cause it would, according to the advisory committee on traffic and parking, eliminate an undesirable interference with Lake Shore Drive traffic flow.

To reverse the decree plaintiffs contend that a material issue of fact exists as to whether a public interest was subserved by the vacation ordinance, and that the court therefore erred in entering summary judgment. The law is well settled that the city council may, without any judicial determination, order the vacation of a street or alley by proceeding in accordance with the applicable statute, and that the courts may not inquire into its motive in doing so or into the expediency of the action. (*People ex rel. Sharp* v. *City of Chicago,* 13 Ill.2d 157; *People ex rel. Hill* v. *Eakin,* 383 Ill. 383.) The power of a city council to vacate streets and alleys is conferred by section 69—11 of the Revised Cities and Villages Act, wherein it is provided, in part, that "The determination of the corporate authorities that the nature and extent of the public use or public interest to be subserved is such as to warrant the vacation of any street or alley, or part thereof, is conclusive, and the passage of such an ordinance is sufficient evidence of that determination, whether so recited in the ordinance or not. The relief to the public from further burden and responsibility of maintaining any street or alley, or part thereof, constitutes a public use or public interest authorizing the vacation." Ill. Rev. Stat. 1957, chap. 24, par. 69—11.

While the courts are limited in their authority under this statute they nevertheless retain the power to examine the record to see if any public use or interest is subserved in vacating a street or alley, and if it appears as a fact that the purported vacation is for a purely private purpose the ordinance will be declared void. (*People ex rel. Foote* v. *Kelly,* 385 Ill. 543.) On the other hand, if there is any substantial showing that the public interest will be served by vacating the street or alley, the ordinance is within the power of the city council, no matter how much private

parties may be benefited thereby. (*People ex rel. Sharp* v. *City of Chicago*, 13 Ill.2d 157; *People ex rel. Weber* v. *Atkins*, 295 Ill. 165.) Before a vacation ordinance can be declared void, it must clearly appear that no consideration of public interest could have led to its enactment. *American Asphalt Paving Co.* v. *City of Chicago*, 330 Ill. 330.

The issue presented in the case at bar, however, is not whether on the evidence a sufficient showing has been made that the public interest will be served. On this record the question is a narrower one, namely whether there is any dispute between the parties as to the material facts. Summary judgment procedure is not designed to try an issue of fact but rather to determine whether one exists. (*J. J. Brown Co.* v. *J. L. Simmons Co.* 2 Ill. App. 2d 132.) If, upon examination of the record it can be fairly said that there does exist a triable issue of fact then the motion for summary judgment should be denied. *Barkhausen* v. *Naugher*, 395 Ill. 562; *Shirley* v. *Ellis Drier Co.* 379 Ill. 105; *Diversey Liquidating Corp.* v. *Neunkirchen*, 370 Ill. 523.

Application of this rule to the pleadings and affidavits in the present record clearly shows that the entry of a summary decree was improper. In their complaint the plaintiffs alleged as a fact that the vacating ordinance was passed without any consideration for the public interest, and that its sole purpose and result is to confer benefits upon a privately owned corporation with no benefit whatever accruing to the public. These allegations were denied in the answers. Defendants alleged that in enabling St. Joseph Hospital to increase and improve its facilities the ordinance benefits the public; that in removing the intersection it would improve and make more valuable residential properties on Surf Street by protecting them from hazards, noise and congestion; and that the ordinance relieves the city of the burden and responsibility of continued maintenance of the vacated street and alley. These allegations, in turn, were

denied by the plaintiffs. The complaint also alleged that the benefit to the private corporation would exceed the sum of $200,000, for which the ordinance required payment of only $100 to the city, and that the $100 payment required of the abutting owner was grossly inadequate, bearing no relation to the benefits accruing to such owner. These allegations, except for the fact that the ordinance required payment of only $100, were denied by defendants.

The pleadings thus presented for decision the principal issue whether the purpose and effect of the ordinance are to solely benefit private interests, without any benefit to the public (see *People ex rel. Foote* v. *Kelly,* 385 Ill. 543, 549); and it is apparent that the affidavits, admissions and exhibits relied upon to support the motion for summary judgment fail to remove this triable issue of fact. We do not deem its necessary to relate their contents in detail. The deposition of the architect and agent of St. Joseph Hospital shows in substance that he had been hired to prepare plans for a new hospital, that he participated in the application to close Surf Street, that two sketches of the proposed hospital were submitted to the city council, one of which shows a location entirely in the block north of Surf Street, and that its construction in a location using the vacated portion of Surf Street would be of benefit to the neighborhood. Other matters contained in the affidavits and exhibits relate to parking and traffic conditions, the character and population of the area, the extent to which Surf Street has been used by the public, the amount of benefit accruing to the abutting owner by reason of the vacation; and the effect of the vacation upon values of other property in the area. Almost all of such evidentiary matters are controverted, and there are no undisputed facts from which it can be said, as a matter of law, that the ordinance was passed for a public purpose. The question whether the purpose and result of the vacation were to solely benefit private interests is a material issue of fact; and where, as

here, it is apparent that a controversy exists thereon the entry of a summary decree is improper.

*People ex rel. Sharp* v. *City of Chicago,* 13 Ill.2d 157, upon which defendants rely, is distinguishable. In that case a summary judgment was entered upholding an ordinance which vacated an alley. The judgment was affirmed because uncontroverted facts showed the presence of a public benefit. It was undisputed, *inter alia,* that substantial compensation was received by the city from the owner of abutting property, that the city was relieved of a burden in maintaining the vacated portion of the alley, that additional tax revenue would accrue, and that a potential source of liability to the traveling public was removed. Moreover, there was no showing that the alley vacated was necessary for access to properties in the block or that it had been extensively used by the traveling public. In the case at bar, on the other hand, the material facts claimed to show a public benefit are in dispute, and the principal controversy remains whether any public interest was subserved by the vacation.

We do not intend, by what we have said, to express any opinion as to whether the facts, if shown by evidence, would be sufficient to sustain a decree after trial. Our decision is limited to the holding that on this record the factual issue of whether some public interest was served by the vacating ordinance was not a matter that could be determined on a motion for summary judgment.

To sustain the decree, defendants maintain in their brief that plaintiffs are not in a position to question validity of the ordinance because they have failed to allege and show special injury. It is argued that a property owner or taxpayer cannot complain of an ordinance vacating a street unless he is an abutting property owner or suffers some injury different from that of the public generally. It appears that the objection is raised for the first time on this appeal. No motion to strike the complaint was filed, nor

was the question presented to the trial court in any other manner. Under such circumstances the contention cannot be considered. The rule is well established that matters not raised or presented in the trial court cannot be urged for the first time in a reviewing court. *Bryant* v. *Lakeside Galleries, Inc.,* 402 Ill. 466; *Decker* v. *Stansberry,* 249 Ill. 487.

We conclude that the circuit court erred in granting defendant's motion for summary judgment. The decree is reversed, and the cause is remanded, with directions to try the case upon the issues raised by the pleadings.

*Reversed and remanded, with directions.*

Mr. JUSTICE SCHAEFER took no part in the consideration or decision of this case.