Thomas J. Corcoran, Appellant, v. Morrison Hotel Corporation, Trading as Morrison Hotel Cafe et al., Appellees.

Gen. No. 44,805.

Opinion filed December 19, 1949. Rehearing denied January 4, 1950. Released for publication January 5, 1950.

JOSEPH BARBERA, of Chicago, for appellants.

LORD, BISSELL & KADYK, of Chicago, for appellees; LEONARD F. MARTIN and CHARLES H. WEILAND, both of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from judgments entered on verdicts directed for certain defendants (hereafter referred to as Morrison Hotel, Stone & O'Brien, Town Casino and Cocktail Lounge) in his action under section 14, article 6 of the Dram Shop Law. Ill. Rev. Stat. 1945, ch. 43, par. 135 [Jones Ill. Stats. Ann. 68.042].

The evidence introduced by plaintiff shows that the defendant Mahaffey had five or six double shots of whiskey at the Morrison Hotel between 4 and 5 o'clock in the afternoon of September 26, 1945 and was drunk at that time; that at 11:30 p. m. that same day he was served additional drinks of whiskey at the Morrison Hotel and was quite intoxicated; he left there after midnight and had a few drinks of whiskey at Stone & O'Brien, and between 1 and 2 o'clock of the morning of September 27 was seen at the Town Casino, where he drank several "Pink Ladies," a drink containing gin, and was intoxicated; he was next seen about 9 o'clock that same morning when he was unshaved, disheveled and definitely intoxicated; between 11 and 12 o'clock of that morning he was very drunk and disheveled; about four or five hours later he entered the Bismarck Hotel Inn, where he was staggering drunk, and was drinking another Pink Lady; shortly thereafter he staggered against plaintiff, knocked him off a stool at the bar and injured him. At the close of plaintiff's evidence the court directed a verdict for the Cocktail Lounge and denied motions for directed verdicts as to the other defendants heretofore named, and the defendant Bismarck Hotel. At the close of all the evidence plaintiff dismissed his action against the Bismarck Hotel and the court directed verdicts for the other defendants above named.

██ The only testimony as to drinks served Mahaffey in the Cocktail Lounge is in a discovery deposition of the defendant Mahaffey, who died about a month before the trial of the case. The deposition

was taken about a year before the trial and was not returned to or filed with the clerk of the court as is required of depositions taken under the Evidence Act. It was, as attorney for plaintiff stated in asking to read the deposition in evidence, "taken under Rule 19 of the Supreme Court and under the provisions of the Civil Practice Act for discovery by deposition." Plaintiff cites no authority supporting his right to introduce this deposition as evidence on the trial of the case. We know of no authority to that effect. Not having been returned and filed in the office of the clerk, in accordance with the Evidence Act, it could be used only for impeachment or showing admissions of the witness when proved as other statements of a witness out of court are proved. The court properly refused to receive the deposition, and a verdict for the Cocktail Lounge was properly directed.

 The remaining three defendants take the position that as no liquor was sold by them after 2 o'clock a. m. September 27, 1945, the intoxication of Mahaffey at the time of plaintiff's injury, 14 or 15 hours later, was too remote to be connected with the liquor sold by these defendants. In support of this position the testimony of Dr. McNally was introduced by the defendants. In answer to a question in which the drinking heretofore noted was embodied, the witness stated that all of the alcohol consumed by the hypothetical person would be oxidized by 7 o'clock in the morning and long before 4 o'clock in the afternoon. On cross-examination he stated that the basis of intoxication commences with the consumption of the first drink, and when a person has taken enough to raise the concentration of his blood level 19 per cent or more he becomes intoxicated and will remain intoxicated if he keeps up that level; that in answering the hypothetical question he assumed that after 2 o'clock in the morning the hypothetical person had

no drinks of alcoholic liquor; that if the man was imbibing alcohol from 1:45 on, the picture would be changed. The attorney for the defendant did not include in his hypothetical question any statement relating to the intoxication of Mahaffey at 9 o'clock in the morning, between 11 and 12 o'clock in the morning, and around 4 o'clock in the afternoon at the Bismarck Hotel before the injury to plaintiff. The record is silent as to any drinking by Mahaffey from the time he left the Town Casino, about 2 o'clock in the morning, and his appearance at the Bismarck Hotel around 4 o'clock in the afternoon. If in fact he had not drunk any intoxicating liquor in that period his condition of intoxication contradicts McNally's testimony. If he had had alcoholic drinks during that period McNally's answer to the hypothetical question is without force because McNally had assumed that there was no drinking of alcoholic liquors within that period. It therefore was a question for the jury as to whether or not the liquor sold by the defendants prior to 2 o'clock in the morning of September 27 contributed to the intoxication of Mahaffey between 4 and 5 o'clock of that afternoon. Testimony offered by defendants cannot be considered in passing upon a motion for directed verdict when it is inconsistent with the testimony offered by plaintiff. *Nelson v. Stutz Chicago Factory Branch*, 341 Ill. 387.

The judgments in behalf of Morrison Hotel, Stone & O'Brien and Town Casino are reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Tuohy, P. J., and Feinberg, J., concur.