Samuel S. Salitan and David Little, a Copartnership, Trading as Credit Industrial Company, Plaintiffs-Appellees, v. Neff Feed Company and George E. Mills, Trading as Neff Feed Company, Defendants-Appellants.

Gen. No. 9,881.

Opinion filed August 20, 1953. Released for publication September 8, 1953.

U. S. COLLINS, of Bushnell, and KEITH F. SCOTT, of Macomb, for appellants.

LYLE W. ROBBINS and GUMBART, GRIGSBY & GUMBART, all of Macomb, for appellees.

MR. PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

This cause comes to this court on appeal from a summary judgment entered for the plaintiffs in the circuit court of McDonough county, for the sum of

$1,746.60. The suit was for recovery on six trade acceptances, issued by the Neff Feed Company to the Sterling Materials Company, Inc. Suit was brought by the Credit Industrial Company, claiming to be an endorsee and holder in due course, of said trade acceptances. No endorsements are shown in the complaint or exhibits. To the complaint the defendants filed their answer, denying that the plaintiffs were holders in due course, denying the endorsement, denying that they owed the Sterling Materials Company, Inc., any sum and averring that the merchandise purchased by the defendants had been returned to the Sterling Materials Company, Inc., pursuant to its authorization. At the time of the filing of the complaint, which was verified, the plaintiffs also filed their motion for a summary judgment. To the motion for summary judgment, the defendants filed an affidavit, claiming a good defense on the merits to the plaintiffs' claim. In this affidavit the defendants set up the return of the merchandise to the Sterling Materials Company, Inc., and that said return was accepted by that company; that it did not appear from the complaint and affidavit of the plaintiffs, that the plaintiffs were endorsees or holders in due course of said trade acceptances; that there were material facts known only to certain officers or employees of the Sterling Materials Company, Inc., and of the Credit Industrial Company, and that if these persons could be sworn to testify that the defendants believed that they would testify that the trade acceptances were discounted to the plaintiffs with recourse, and other defenses.

The trial court allowed the motion for summary judgment and entered judgment in the amount of $1,746.60 and costs. From that judgment the defendants appeal to this court.

██ After the appeal was filed in this court, the appellees filed in this court their motion to amend the

complaint and the appellants filed their objection to the motion. This motion to amend is offered under Rule 50 of the Supreme Court [Ill. Rev. Stats. 1951, ch. 110, § 259.50; Jones Ill. Stats. Ann. 105.50]. Rule 50 provides that either party may on appeal under section 92 (1a) of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 216, subd. (1a); Jones Ill. Stats. Ann. 104.092, subd. (1a)], amend its pleadings after the record and abstracts are on file. Section 92 (1a) of the Civil Practice Act provides that the review court may in its discretion, and on such terms as it deems just:—(a) Exercise all or any of the powers of amendments of the trial court. The powers of the trial court as to amendment are set out in section 46 of the Civil Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 170; Jones Ill. Stats. Ann. 104.046]. Subsection 3 of section 46 of the Civil Practice Act provides that a pleading may be amended at any time, before or after judgment, to conform the pleadings to the proof. Here, apparently, the motion seeks to conform the proof to the pleadings, which is not permissible. Any motion to amend either in the trial court or in the reviewing court is subject to the discretion of the court. In the instant case, the allowance of this motion by this court would prevent the appellant from introducing any evidence combatting endorsements, and as stated before, would be in effect allowing the proofs to conform to the pleading. We do not believe this was the intention of the legislature, and for these reasons, the motion to amend filed in this court will be denied.

The defendants assign four grounds as error on the part of the trial court, as follows: 1. Failing to recognize that each of the six trade acceptances were not endorsed to the appellees. 2. In allowing the appellees to recover on the trade acceptances without proving ownership. 3. In holding that appellees were

holders in due course of said trade acceptances. 4. In granting a summary judgment.

If the granting of the summary judgment was error, it will be unnecessary to pass on the other alleged errors.

Summary judgments are provided for in chapter 110, section 181 [Ill. Rev. Stats. 1951; Jones Ill. Stats. Ann. 104.057], where it provides: "Subject to rules, if, in any action (including a counterclaim) at law or in equity, (a) upon a contract, express or implied; or (b) upon a judgment or decree for the payment of money; or (c) to recover possession of land, with or without rent or mesne profits; or (d) to recover possession of specific chattels, the claimant shall file an affidavit or affidavits, on the affiant's personal knowledge, of the truth of the facts upon which the complaint or counterclaim is based and the amount claimed (if any) over and above all just deductions, credits and set-offs (if any), the court shall, upon motion, enter a judgment or decree for the relief demanded, unless the opposing party shall, by affidavit filed prior to or at the time of the hearing on the motion, show that he has a sufficiently good defense on the merits to all or some part of the claim to entitle him to defend." Supreme Court Rule No. 15 [Ill. Rev. Stats. 1951, ch. 110, § 259.15; Jones Ill. Stats. Ann. 105.15], relating to summary judgments provides: "(1) Affidavits in support of and in opposition to a motion by plaintiff or defendant for summary judgment or decree shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the party relies; shall not consist of conclusions but of such facts as would be admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto.

If all the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used. (2) Should the affidavit of either party contain a statement that any of the material facts which ought to appear in such affidavit are known only to persons whose affidavits affiant is unable to procure, by reason of hostility or otherwise, naming such persons and showing why their affidavits cannot be procured, and what affiant believes they would testify to if sworn, with his reasons for such belief, the court may make such order as may be just, either granting or refusing the application for summary judgment, or making an order for a continuance to permit affidavits to be obtained, or for submitting interrogatories to or taking the depositions of any of the persons so named, or for producing papers or documents in the possession of such persons or furnishing sworn copies thereof." . . .

 Our courts have held that the primary purpose or function of the summary judgment procedure is to enable the court to determine if there is any issue of fact to be tried by jury. *Craig v. Launer,* 346 Ill. App. 234; *Zegarski v. Ashland Savings and Loan Association,* 346 Ill. App. 535.

In *The Diversey Liquidating Corporation v. Joseph Neunkirchen,* 370 Ill. 523, the court said: "The purpose of a proceeding for summary judgment is to determine whether a defense exists. Where a defense raising an issue of fact as to plaintiff's right to recover is set up, a summary judgment must be denied. To try an issue of fact by affidavits would deprive defendant of his right to a jury trial."

So, in the instant case, if the affidavit of the defendants showed any triable and disputed facts, the trial court was without authority to enter a summary judgment. In order to determine whether such a disputed

and triable fact is shown, it is necessary to examine the motion and affidavit for summary judgment and the affidavit in opposition. The affidavit of the plaintiffs for summary judgment by reference adopts the statements made in the complaint. The complaint sets up the following: 1. That the defendants accepted the trade acceptances drawn by the Sterling Materials Company, Inc., for the amount shown on the face of the trade acceptances. 2. That thereafter, as a holder in due course, before maturity, the said Sterling Materials Company, Inc., did transfer and negotiate by endorsement for value to the plaintiffs, the said trade acceptances. 3. That afterwards, the trade acceptances were presented and payment was refused by the defendants. 4. That no part of the indebtedness as evidenced by the said trade acceptances has been paid by the defendants. 5. That the defendants are not entitled to any counterclaim, set-off or credit. 6. That there was due to the plaintiff the sum of $1,746.60 and costs of suit. The defendants filed their affidavit in opposition in which they set up as a defense the following: 1. That the goods or merchandise for which the trade acceptances were issued had been returned to the seller, with the seller's authorization for such return. 2. That the Sterling Materials Company, Inc., the seller, was never a holder in due course of said trade acceptances. 3. That there is no showing of endorsement and negotiation to the plaintiffs of said trade acceptances. 4. That if certain persons of the plaintiff firm and the seller firm could be made to testify they would testify that said trade acceptances were discounted by the seller to the plaintiff "with recourse." 5. That neither the seller nor the plaintiff was a holder in due course of said trade acceptances. 6. That the defendants were not indebted to the plaintiffs because of the return of said merchandise.

133

■ From our examination of the record we think there is a clear dispute on the following matters: 1. That the seller was a holder in due course. 2. That the defendants were indebted to the plaintiff. 3. That the trade acceptances were accepted with recourse. These were matters that should have been tried before the court or before a jury, and because they were in dispute and a triable issue or issues existed, the trial court erred in granting the motion for a summary judgment. Because the case must be remanded, it is unnecessary for this court to pass on the other matters assigned as error.

The cause is reversed and remanded with directions to deny the motion for a summary judgment.

*Reversed and remanded with directions.*