White Van Huss, Plaintiff-Appellant, v. Gilbert Allen et al., Defendants. Roscoe Cox et al., Defendants-Appellees.

Gen. No. 10,023.

Third District.

February 23, 1956.

Rehearing denied May 1, 1956.

Released for publication May 2, 1956.

G. W. Horsley, and L. H. Lenz, both of Springfield, for plaintiff-appellant.

Bozeman, Moran and Klockau, of Rock Island, and Roberts and Kepner, of Springfield, for appellees; Bernard J. Moran, and Hubbard B. Neighbour, both of Rock Island, and Maurice Kepner, of Springfield, of counsel.

JUDGE REYNOLDS delivered the opinion of the court.

This case arises out of a collision between a car driven by the defendant Gilbert Allen, and one driven by the plaintiff, White Van Huss. The collision occurred at the intersection of Holden Street and Springfield Street, in the City of Virden, Illinois, at about 7 :00 o'clock p. m. on October 19, 1952. The Allen

car was traveling East and the Van Huss car was traveling South. Allen claimed he made the stop at the intersection before entering Springfield Street, but other witnesses testified that he drove through the stop and drove into the side of the Van Huss car. The plaintiff was badly injured. He brought suit in the Circuit Court of Macoupin County against Gilbert Allen, and afterwards by amendment of his complaint, the other defendants, Roscoe Cox, as operator of Cox's Tavern, and John Ewbank, Sr., and John Ewbank, Jr., as operators of the tavern known as Johnny's Place, were brought into the suit under the Dram Shop Act.

The jury returned a verdict against the defendant Gilbert Allen, and a verdict of "Not Guilty" as to the tavern operators. Judgment was entered on the verdict and from that judgment, insofar as it concerns the tavern operators, the plaintiff appeals to this court. The judgment against Gilbert Allen is not involved in this appeal.

At the trial, two State Highway Patrolmen, William B. McKessley and John Collie, testified that they saw Allen about two or two and one-half hours after the accident. They both had some conversation with Allen, observed his condition, and both testified that they smelled intoxicating liquors on his breath, and that in their opinion, Allen was, at the time they talked to him, under the influence of intoxicating liquor. The trial court permitted this testimony, but later in the trial, ruled that their testimony was inadmissible and the jury was instructed to disregard it. Mrs. Louise Smith, who saw the accident, testified that she talked to Gilbert Allen, whom she knew, and that at that time, a very short time after the accident, she smelled intoxicating liquor on his breath, and that he told her he was drunk; that she couldn't say he was drunk, but that he had been drinking. Her daughter, Mary Smith, corroborated the testimony of her mother.

A witness named Gerald Reed testified that he saw Gilbert Allen in the Cox Tavern about 5:00 o'clock p. m.; that at that time he saw Allen drink some beer; that he had observed people under the influence of intoxicating liquor, and that at that time, in his opinion, based upon his observation of Allen, he was under the influence of intoxicating liquors. Clifford Ketchum, another witness testified he saw Allen in the Cox Tavern about 5:00 o'clock p. m. and observed him drinking beer. Ketchum also testified that in his opinion, Allen was under the influence of intoxicating liquor; that Paul Enrietta was the bartender on duty at the time. The other bartender, Raymond Orr testified that he saw Gilbert Allen in the Cox Tavern about 6:00 o'clock or shortly thereafter; that he sold him one glass of beer. The defendant Allen testified he had two glasses of beer after the accident, but this is disputed by the bartender Orr. Some time after the accident, Allen visited the plaintiff at the hospital, and there in the presence of Hobart Rogers, Jr., told the plaintiff that he was sorry about the accident, that he had been drinking a little that day, had had a few beers and named two taverns, but the witness could only remember the Cox Tavern as one of the places where Allen said he had been drinking.

There is an abundance of evidence in the record to show that the defendant Allen was intoxicated at the time of the accident. The testimony of Allen that he did not see the Van Huss car is some evidence that he was so drunk that he couldn't see the other car. Then the statement he made to Mrs. Louise Smith that he was drunk is not very well explained. His explanation that he knew he would be accused of being drunk anyway, is not worthy of credence. There is evidence in the record that he was drinking beer at Cox Tavern. Two witnesses saw him drinking beer at 5:00 o'clock p. m., and the bartender Orr admits selling him beer about

420

6:00 o'clock p. m. The testimony of Allen that he drank two beers after the accident is not supported by any other testimony. There is no testimony in the record to show that he was in the Ewbank Tavern or bought any intoxicating liquor there.

One of the grounds of appeal is that the trial judge erred in striking the testimony of the two policemen who saw the defendant Allen some two and one-half hours after the accident. The case of People v. Wallage, 353 Ill. 95, held that it was not error to permit testimony of the defendant's intoxicated condition within a half hour after the accident, holding that his intoxication, under the circumstances, was sufficiently contemporaneous. The case of Corcoran v. Morrison Hotel Corp., 339 Ill. App. 203, presents a state of facts where something like fifteen hours had passed between the drinking of intoxicating liquor and the time of the accident. In that case the question as to whether the liquor sold some fifteen hours before, contributed to defendant's intoxication at the time of the accident, was held to be a question for the jury.

In cases of this character the jury should be permitted to have the benefit of all competent evidence. We think the evidence of the two State Highway Patrolmen, was competent and should not have been excluded, and that the trial court committed reversible error in so doing. Their testimony was admissible and it was for the jury to determine the weight to be given it. Since the exclusion of their testimony was reversible error it will not be necessary to consider the other points raised by the plaintiff in his appeal.

For the reasons given, the judgment as to the defendant Roscoe Cox is reversed and remanded, and the judgments affirmed as to the defendants John Ewbank, Sr., and John Ewbank, Jr.

Reversed and remanded in part, and affirmed in part.